12-0181-cv
St. Paul Fire & Marine Ins. Co. v. Novus Int'l, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand twelve.

PRESENT: DENNIS JACOBS,
                         **Chief Judge,**
        JOHN M. WALKER, JR.,
                         **Circuit Judge,**
        SANDRA DAY O'CONNOR,
                         **Associate Justice (retired).**[*]

- - - - - - - - - - - - - - - - - - - - -X

ST. PAUL FIRE & MARINE INSURANCE CO.,
        **Plaintiff-Counter-Defendant-Appellee,**

        **-v.-**                              **12-0181-cv**

NOVUS INTERNATIONAL, INC.,
        **Defendant-Counter-Claimant-Appellant.**
- - - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Sandra Day O'Connor, Associate Justice (retired), of the United States Supreme Court, sitting by designation.

1

FOR APPELLANT:          MICHAEL G. BIGGERS, Bryan Cave LLP,
                        St. Louis, Missouri.

FOR APPELLEE:           JAMES W. CARBIN (P. Ryan McElduff,
                        on the brief), Duane Morris LLP,
                        Newark, New Jersey.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Counter-Claimant-Appellant Novus International, Inc. ("Novus") appeals from the judgment of the district court granting summary judgment to Novus's insurer, St. Paul Fire & Marine Insurance Company ("St. Paul"). Novus sought reimbursement from St. Paul for goods damaged by flooding at a warehouse in Des Moines, Iowa, but the district court held that the damage was not covered under the "Accumulation Clause" of Novus's policy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review an order granting summary judgment de novo, drawing all factual inferences in favor of the non-moving party. Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011). Likewise, we review de novo a district court's interpretation of the terms of a contract, including insurance agreements. Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency Inc., 644 F.3d 166, 169 (2d Cir. 2011).

Novus's insurance policy, an "ocean cargo" policy, generally covered goods in transit. It contained, however, a "Warehouse Endorsement," which specifically insured, up to a limit of $2 million, goods stored at the PDM Warehouse in Des Moines, Iowa. The policy also contained an "Accumulation Clause," which provided that if goods insured under the policy accumulated because of circumstances "beyond the control of" Novus's corporate "risk manager or equivalent," then St. Paul would be liable for the full amount at risk, provided that Novus gave notice to St. Paul of the accumulation as soon as practicable after the accumulation became known to Novus's corporate risk manager.

The district court was presented with two questions: (1) did the Accumulation Clause apply to coverage under the Warehouse Endorsement; and (2) did the Accumulation Clause apply to the specific damage at issue in this case? The district court determined that the Accumulation Clause did apply to coverage under the Warehouse Endorsement, but then held that the accumulation at the PDM Warehouse was not beyond the control of Novus's corporate risk manager. For the reasons discussed below, we affirm the district court's determinations.

**[1]** In general, "New York insurance law provides that an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co., 472 F.3d 33, 42 (2d Cir. 2006) (internal quotation marks omitted). "When the provisions are unambiguous and understandable, courts are to enforce them as written." Id. "[I]t is settled that in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement." Cnty. of Columbia v. Cont'l Ins. Co., 83 N.Y.2d 618, 628 (1994).

Here, the Warehouse Endorsement explicitly provides that it forms part of the overall ocean cargo policy, and operates as an extension of that coverage. The Warehouse Endorsement must be read as part of the overall policy. In addition, the Accumulation Clause explicitly provides for coverage beyond the limits expressed elsewhere in the policy. As the district court determined, the Accumulation Clause operates to provide coverage beyond the $2 million limit expressed in the Warehouse Endorsement if its conditions are met.

**[2]** The question, then, is whether the district court correctly determined that Novus did not satisfy the requirements of the Accumulation Clause. The Accumulation Clause protects only accumulation "by reason of any interruption of transit or circumstance beyond the control of [Novus]'s corporate risk manager or equivalent, or by reason of any casualty . . . ." J.A. 94. Novus argues that "the text [of the Accumulation Clause] did not require those circumstances to be beyond the control of Novus," but only "beyond the control of the corporate risk manager, an individual." Appellant's Br. 6. Novus argues further that

3

the circumstances were not "limited to 'unforeseeable' or even 'unforeseen' circumstances." Id. at 5.

We agree with the district court that Novus's interpretation "strains the Policy's language beyond its reasonable and ordinary meaning." Mem. & Order, at 19 (Dkt. No. 57) (Dec. 28, 2011) (internal quotation marks and alterations omitted). Novus essentially argues that, despite paying a premium for coverage up to $2 million, Novus is entitled to receive up to $20 million due to its corporate risk manager's failure to devise effective risk monitoring procedures. Implementing such procedures, however, is the job of a risk manager and therefore hardly beyond his control.

Accordingly, as the district court correctly noted, "the Warehouse Endorsement is the only clause under the Policy that covers Novus'[s] PDM Warehouse Claim. Since coverage . . . is clearly and expressly limited to $2 million . . . and the parties agree that this sum has already been paid by St. Paul to Novus, . . . St. Paul has satisfied its obligations to Novus . . . ." Id. at 20.

Finding no merit in Novus's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK